Filed 2/27/25

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E084220 |
| Plaintiff and Respondent, | (Super.Ct.No. DPIN2200062) |
| v. | OPINION |
| A.L., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Elizabeth Tucker, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Dismissed.

Law Offices of Vincent W. Davis & Associates and Vincent W. Davis for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Prabhath Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

1

J.B. (Minor) was placed with A.R. (De Facto Parent) for almost two years after Minor was removed from B.B. (Mother) and J.S. (Father; collectively, Parents). Parents filed petitions pursuant to Welfare and Institutions Code section 388[1] seeking additional reunification services and increased visitation. The trial court granted the section 388 petitions but did not remove Minor from the care of De Facto Parent.

De Facto Parent appeals the grant of the section 388 petitions. She insists the juvenile court should not have provided parents with additional reunification services as they failed to show changed circumstances. She also contends it was not in Minor's best interest as it would lead to the inevitable removal of Minor from her home. Plaintiff and respondent Riverside County Department of Public Social Services (Department) contends De Facto Parent does not have standing to appeal the trial court's order granting the section 388 petition allowing for additional reunification services, and since Minor was not ordered removed from De Facto Parent's home, any challenge to removal is not ripe for review. We agree with the Department that De Facto Parent does not have standing to appeal the grant of the section 388 petitions and dismiss the appeal

## FACTUAL AND PROCEDURAL HISTORY[2]

Minor was born in July 2022. Minor had been placed with De Facto Parent and her husband since September 2022, when Minor was two months old, after Minor was

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] The record on appeal does not contain the section 300 petition, detention report or jurisdiction/disposition report. Additionally, the appeal only pertains to Minor and does not include her five siblings (Siblings), named in the section 300 petition.

removed from another foster home. On October 19, 2022, a first amended petition was filed for Minor by the Department.

De Facto Parent requested de facto parent status on May 23, 2023. De Facto Parent declared that when Minor was placed with De Facto Parent, she was "severely delayed" and was showing signs of neonatal drug withdrawal. After being with De Facto Parent, Minor was reaching all of her milestones. De Facto Parent declared that she and her husband treated Minor as though she was their own daughter and they had a strong bond. They were interested in adopting Minor.

On November 21, 2023, the de facto parent request was granted. A section 366.26 hearing was set for March 12, 2024. The section 366.26 hearing was continued in order for the Department to complete an adoption assessment. The section 366.26 hearing would address the termination of parental rights and the permanent plan was adoption. The trial court reduced visits for Parents to one hour each month.

In March 2024, Father filed a section 388 petition. Father's petition provided that his reunification services had been terminated on November 17, 2023. Father expressed that he had completed his individual counseling, anger management and domestic violence classes, and had almost completed his parenting classes. Father had stable housing with relatives. Father was willing to not be with Mother if he could regain custody of Minor and Siblings. Father was bonded with Minor and visits had been going well. He attached certificates of completion of classes.

Mother's petition was filed in May 2024. Her reunification services were also terminated on November 17, 2023. Mother had completed individual counseling, anger

3

management, substance abuse, and domestic violence classes.  Mother's visits with Minor were going well and she did not reside with Father.  She had stable housing.  She also attached certificates of completion.

The Department filed a response to the section 388 petitions on June 6, 2024.  It recommended that the trial court grant the section 388 petitions, affording Parents six months of reunification services.  It also recommended that visitation be increased to two hours each week, and could be increased to overnight and weekend visits.  It also recommended that the section 366.26 hearing be vacated.  Minor remained in the care of De Facto Parent.

The Department had interviewed Father.  He explained that the family came to the attention of the Department because Minor was born positive with drugs in her system.  Father claimed not to know that Mother was using drugs; he only became aware when Minor was born with drugs in her system.  Father was living with relatives and not with Mother.  Father was working.  Father initially had trouble obtaining services that were in Spanish but had since completed his services.  Visitation with Minor went well.  Mother was also interviewed and admitted to using drugs to self-medicate.  She used heroin, crystal methamphetamine and fentanyl.  Mother was participating in a substance abuse program and taking anti-opioid medication.  Mother was willing to continue to participate in a substance abuse program.  Mother was participating in all of her services and had completed several programs.  Minor did not cry during visitation and visits went well.  Minor liked to be held by Mother during visits.

4

The Department also reported it was aware that De Facto Parent wanted to adopt Minor. However, a maternal great-aunt was being assessed to have custody of Minor and the Siblings if they were unable to reunify with Parents. The Department filed an addendum report on June 21, 2024, providing additional information that Parents had been consistent in their visitation with Minor throughout the dependency proceedings. Further, Minor appeared to be bonded to Parents.

The hearing on the section 388 petitions was held on June 26, 2024. The Department submitted on their response to the section 388 petitions. It recommended that family reunification services be granted to Parents and that visitation be increased to weekly, two-hour visits. Further, the section 366.26 hearing should be vacated. The trial court heard evidence.

A social worker with the Department testified that visits between Mother, Father and Minor were positive. Minor was bonded with Mother, Father and Siblings. She also believed that Minor was bonded to De Facto Parent. Despite this bond, it was in the best interests of Minor to be returned to Parents. It was also in Minor's best interest to be raised with Siblings. The social worker stated the juvenile court should grant the section 388 petitions seeking reunification services. No decision on the return of Minor needed to be made at the time and she would remain in the care of De Facto Parent.

De Facto Parent testified regarding visits between Siblings and Minor. She insisted that Minor would be upset when visits occurred, and was very happy to return to De Facto Parent's home. De Facto Parent disagreed that Minor was particularly bonded

to Siblings. De Facto Parent believed it was in Minor's best interest to remain with her as they were bonded and it was the only home she knew.

At the conclusion of evidence, the trial court recognized that De Facto Parent had been an "amazing" caregiver and that there was a bond with Minor. The trial court ruled that Parents had shown a significant change of circumstances and that it was in Minor's best interests to grant family reunification services not to exceed six months. The trial court noted that Minor would not be moved immediately but it was the goal for Minor to return to the care of Parents. Visits with Minor would occur weekly for two hours but could be increased to overnight and weekend visits. The section 366.26 hearing was vacated. The next hearing would be a six-month review hearing pursuant to section 366.21, subdivision (e).

De Facto Parent filed an appeal from the grant of the section 388 petitions on July 3, 2024.

## DISCUSSION

De Facto Parent seeks to have this court reverse the juvenile court's order granting the section 388 petitions giving Parents an additional six months of reunification services and increased visitation with Minor. De Facto Parent also insists that granting the section 388 petitions "will likely lead to the removal" of Minor from her custody, which is not in Minor's best interest. The Department contends that her status as a de facto parent does not give her standing to appeal the juvenile court's order granting the section 388 petitions.

"Under section 388, a [person] may petition to modify a prior order 'upon grounds of change of circumstance or new evidence.' [Citations.] The juvenile court shall order a hearing where 'it appears that the best interests of the child . . . may be promoted' by the new order." (*In re K.L.* (2016) 248 Cal.App.4th 52, 61.) " 'There are two parts to the prima facie showing: The [petitioner] must demonstrate (1) [either] a genuine change of circumstances or new evidence, and that (2) revoking the previous order would be in the best interests of the [child].' " (*In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1079.) In order for De Facto Parent to contest the juvenile court's order granting the section 388 petitions in favor of Parents, she must show she has standing to appeal.

"Not every party has standing to appeal every appealable order. Although standing to appeal is construed liberally, and doubts are resolved in its favor, only a person aggrieved by a decision may appeal. [Citations.] An aggrieved person, for this purpose, is one whose *rights or interests* are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision. [Citations.] These rules apply with full force to appeals from dependency proceedings." (*In re K.C.* (2011) 52 Cal.4th 231, 236, italics added; *In re P.L.* (2005) 134 Cal.App.4th 1357, 1361 (*P.L.*).) "Without standing there is no justiciable controversy for a court to entertain." (*P.L.*, at p. 1361.)

"De facto parent status does not give the de facto parent the right to reunification services, visitation, custody, or placement of the minor, 'or to any degree of independent control over the child's destiny whatsoever.' [Citations.] De facto parent status 'merely

provides a way for the de facto parent to stay involved in the dependency process and provide information to the court.' " (*In re B.S.* (2021) 65 Cal.App.5th 888, 895 (*B.S.*).)

In *P.L.*, *supra*, 134 Cal.App.4th 1357, a case decided by another panel of this court, a de facto parent appealed from a juvenile court order removing her almost two-year-old foster child who had been in her home since shortly after birth and placing the child in a prospective adoptive home. (*Id*. at pp. 1359-1360.) The court first reviewed the rights of de facto parents. "De facto parents have limited rights that include: (1) the right to an attorney; (2) the right to be present at hearings; and (3) the right to present evidence and be heard. Specifically, they do not have the right to reunification services, custody, or visitation. [Citations.] While de facto parents are given an opportunity to participate in the proceedings, that status does not give them the rights accorded to a parent or legal guardian." (*Id*. at p. 1361.) Based on these rights, the appellate court concluded that, "[A]ppellant has no legal standing to complain of the decision to place the child with the new prospective couple since she has no right to custody or continued placement as a mere de facto parent. The order changing physical custody was within the sound discretion of the court from which appellant cannot appeal because her legal rights were not impacted." (*Id*. at pp. 1361-1362.)

Another court has found that a de facto parent had standing to appeal the grant of a section 388 petition that awarded reunification services to the father of the child. In *In re Vincent M*. (2008) 161 Cal.App.4th 943 (*Vincent M.*), a newborn was declared a dependent of the court after the mother surrendered the baby and the father was unknown. No reunification services were granted to either the father or the mother, and a

8

section 366.26 hearing was scheduled with a permanent plan of adoption. The baby had been placed in a foster home and the foster parents were granted de facto parent status. (*Vincent M.*, at p. 948.) The baby's father filed a section 388 petition requesting that he be declared the presumed father and be granted reunification services. The court granted the petition and the de facto parents appealed. (*Vincent M.*, at pp. 948-950.) The appellate court determined that the de facto parents had standing to appeal the grant of the section 388 petition "[u]nder the circumstances of [the] case." (*Vincent M.*, at p. 952.) It found that "California law does not restrict a de facto parent's right to appellate review to the procedural rights provided by California Rules of Court, rule 5.534(e) (formerly rule 1412(e)) to be present at the dispositional hearing and all subsequent hearings affecting the child's status, to be represented by counsel, and to present evidence. [Citation.] [¶] In this case, the [de facto parent]'s rights and interests were injuriously affected by the dependency court's ruling." (*Vincent M.*, at p. 953.)

A dissent was filed in *Vincent M.*, which stated, "An 'aggrieved party' for purposes of Code of Civil Procedure section 902[3] is one whose 'interest is injuriously affected by the judgment. . . .' [Citation.] [De facto parents'] claim to be aggrieved because '[t]he court's findings and orders thwarted [their] plan to adopt Vincent.' However, they have no legal right to adopt Vincent. Thus, I fail to see how their legal interests are aggrieved. [¶] The majority does not satisfactorily define [the de facto

---

**3** Code of Civil Procedure section 902 provides, "Any party aggrieved may appeal in the cases prescribed in this title. A party appealing is known as an appellant, and an adverse party as a respondent."

parents] legal interests or explain how those interests are affected by the juvenile court's finding." (*Vincent M.*, *supra*, 161 Cal.App.4th at p. 962.)

In *B.S.*, *supra*, 65 Cal.App.5th 888, the court noted the differences in *P.L.* and *Vincent* and concluded that *P.L.* was better decided. "We agree with *In re P.L.* and the dissent in *Vincent M.* While de facto parents may *feel* aggrieved and, no doubt, may be *emotionally* affected by court orders affecting the custody of a minor, a de facto parent has no standing to appeal a custody decision because they cannot show how their *legal* rights were injuriously affected." (*B.S.* at p. 897.)

De Facto Parent's only response to the standing issue raised by the Department is that section 395 authorizes the appeal in this case. Section 395, subdivision (a)(1), provides, "A judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order after judgment." It is true that section 395 allows for an appeal from an order on a section 388 petition, but a party must have standing in order to bring an appeal. De Facto Parent does not distinguish the cases cited by the Department—*P.L.*, *supra*, 134 Cal.App.4th 1357 and *B.S.*, *supra*, 65 Cal.App.5th 888—or provide any additional argument as to standing.

The conclusion in *P.L.* is persuasive; accordingly, De Facto Parent has no standing to appeal the grant of the section 388 petitions. While we understand that De Facto Parent has provided excellent care for Minor, and understandably feels emotional pain at the possibility that she may not be able to adopt Minor, as a de facto parent she is not

entitled to placement of Minor.  (*In re Bryan D.* (2011) 199 Cal.App.4th 127, 146.)  The appeal is dismissed for lack of standing.

## DISPOSITION

The appeal is dismissed.

CERTIFIED FOR PUBLICATION

MILLER

J.

We concur:

RAMIREZ

P. J.

FIELDS

J.